**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | 2:20-CR-204 & 21-CR-71 |
| JEREMY WINFIELD, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Defendant Jeremy Winfield was charged with one count of conspiracy to possess with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846. ECF 3.[1] Pursuant to a Rule 11(c)(1)(C) plea agreement, Mr. Winfield pled guilty to a lesser included offense of that count (reducing the quantity of fentanyl from 400 grams to 40 grams), and to an information charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). ECF 520; Crim. No. 21-71, ECF 1. As stipulated by Mr. Winfield and the government, the Court accepted the plea agreement and sentenced him to a term of imprisonment of 72 months for the conspiracy charge at Count 1 of the indictment; and sentenced him to 48 months for the firearm charge at Count 1 of the information, to be served concurrently with the conspiracy count. ECF 627. The Court also sentenced Mr. Winfield to a total term of supervised release of 4 years. *Id.*

Mr. Winfield now asks this Court to cut short his term of supervised release, citing the Sentencing Commission's new Policy Statement at U.S.S.G. § 5D1.4. ECF 1518. After careful consideration, the Court denies Mr. Winfield's request.

As this Court noted when it denied Mr. Winfield's motion to reduce his sentence, "[p]lea bargains are contracts between prosecutors and defendants. Each side agrees to certain charges or sentence calculations and gives up its right to take other positions." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024). The

[1] All references to the docket refer to Criminal No. 20-204, unless otherwise stated.

government is entitled to the benefit of its bargain, something the Court will not lightly upset. *United States v. Starkey*, No. 14-90, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) (Ranjan, J.). Here, Mr. Winfield's counsel argued at sentencing for this Court to accept Mr. Winfield's stipulated sentence—including his term of supervised release—because the government could have charged Mr. Winfield with more severe offenses. ECF 656, 12:2-24. Had the government done so, Mr. Winfield would have faced a mandatory minimum 15-year sentence. *See* ECF 1282, at 2.

The Court does not see a compelling reason to upset the binding Rule 11(c)(1)(C) plea agreement to which Mr. Winfield agreed and which the Court accepted.

To the extent that Mr. Winfield argues early termination is warranted under the Sentencing Commission's new policy statement, that non-binding policy statement is just one of many factors the Court considers in deciding Mr. Winfield's motion, and it doesn't tip the scales here. *See* 18 U.S.C. § 3583(e); *id.* § 3553(a)(5).

That is, Mr. Winfield was one of 25 defendants charged with conspiracy to distribute fentanyl, and he was separately charged with possessing a firearm. These are serious offenses that require adequate deterrence. *See* 18 U.S.C. § 3583(e). Despite potentially facing a more severe sentence, he and the government agreed to his sentence, including his term of supervised release. That term was part of a sentence designed to "account[] for the seriousness of the offenses and the gravity of the offense conduct." *United States v. Duell*, No. 15-87, 2021 WL 4805489, at *3 (W.D. Pa. Oct. 14, 2021) (Fischer, J.). While the Court commends Mr. Winfield's good conduct since his release from prison, his term of supervised release was an important part of the original sentence and remains in the interest of justice. 18 U.S.C. § 3583(e).

* * *

**AND NOW**, this 5th day of October, 2026, it is hereby **ORDERED** that Mr. Winfield's motion for early termination (ECF 1518) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge